IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| HARRY L. ROCK ABOVE,<br><br>Plaintiff,<br><br>vs.<br><br>SALLY JEWELL, SECRETARY of the INTERIOR, et al.,<br><br>Defendants. | CV 15-00090-BLG-SPW-CSO<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL** |

This matter comes before the Court on Plaintiff Harry Rock Above's request that the Court appoint an attorney to represent him in this matter. *ECF 6*. The Court will treat the request as a motion to appoint counsel. For the reasons that follow, the Court will deny the motion.

No one has a constitutional right to appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike in criminal cases, the applicable statute does not give a court the power to simply appoint

1

an attorney. 28 U.S.C.§ 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit – a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

Also, much different from a criminal case, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)).

Many indigent plaintiffs might fare better if represented by counsel, but this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331.

2

Rock Above's motion does not set forth the exceptional circumstances necessary to appoint counsel. He simply asks for the appointment of counsel to represent him in this lawsuit. *ECF 6*. He has not made an adequate showing of a likelihood of success on the merits to warrant a request for counsel. A litigant's performance in the case may be considered in determining whether to request counsel. *Plummer v. Grimes*, 87 F.3d 1032, 1033 (9th Cir. 1996). Rock Above has demonstrated that he is able to articulate his position. *See Motion to Proceed in Forma Pauperis (ECF 1) and his proposed Complaint (ECF 2)*.

Also, on September 29, 2015, the undersigned issued a recommendation to deny Rock Above's motion to proceed in forma pauperis. The same day, Judge Watters adopted that recommendation and denied Rock Above's motion. Judge Watters instructed Rock Above that he may proceed with this action only if he "pay[s] the full filing fee of $400.00 within thirty days of [September 29, 2015]." *ECF 5 at 3*. Judge Watters also directed that, "if full payment of the filing fee is not received within forty days of [September 29, 2015,]" the Court will

deem the Complaint dismissed and the Clerk of Court will close the file. No filing fee has yet been paid. Thus, a request for counsel is at best premature.

Based on the foregoing, IT IS ORDERED that Rock Above's motion for appointment of counsel (ECF 6) is DENIED.

DATED this 6th day of October, 2015.

/S/ Carolyn S. Ostby  
United States Magistrate Judge